**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHIMOMBE TINOTENDA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1971-G** |
| | ) | |
| **FRED FIGUEROA, et al.** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Chimombe Tinotenda, a citizen of Zimbabwe proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 8), Respondents timely filed a Response, (Doc. 10), and the time to file a Reply has passed. For the reasons set forth

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

below, the undersigned recommends the Petition be **DENIED** because Petitioner is currently subject to mandatory detention.

## I. Factual Background

Petitioner is a citizen of Zimbabwe who was admitted to the United States on or about November 13, 2022, as a non-immigrant visitor authorized to remain in the United States until May 12, 2023. (Doc. 1, at Ex. 1, at 3). On March 27, 2026, Petitioner was arrested and taken into ICE custody. (Doc. 1, at 4). Petitioner alleges, and Respondents do not deny, the following facts: (1) he was not served with a Notice to Appear ("NTA") or otherwise given an explanation for his arrest on the day he was arrested, (*id.* at 9); (2) he was not served the NTA when it issued on April 20, 2026, despite the NTA saying that it was served in person and that he refused to sign, (*id.*); and (3) he was first served the NTA on July 2, 2026. (*Id.*) The NTA placed Petitioner in removal proceedings on April 20, 2026. (*Id.* at Ex. 1, at 3). Petitioner was charged as removable due to overstaying the time he was allowed to remain in the United States. (*Id.*) On May 1, 2026, Petitioner was denied release on bond because an immigration judge found he "did not establish not a danger to the community." (Doc. 10, at Ex. 2, at 1). Petitioner filed the instant Petition on July 14, 2026. (Doc. 1, at 8).

On August 25, 2026, an immigration judge granted Petitioner pre-conclusion voluntary departure under safeguards. (Doc. 10, at Ex. 3, at 1). The order required Petitioner to depart without expense to the government by September 24, 2026, or else an order of removal to Zimbabwe would become effective immediately. (*Id.*) Petitioner waived his right to appeal this order. (*Id.* at 3). On September 25, 2026, Petitioner had not

departed the United States, making his removal order immediately effective, and he was served with a warrant of removal. (*Id.* at Ex. 5, at 1).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. His arrest without service of an NTA or any other explanation violated due process. (Doc. 1, at 6, 9).

2. He was given permission to stay in the United States while waiting on his asylum application, he never violated any immigration law, and his detention violates his right to liberty. (*Id.*)

3. The immigration court improperly denied his request for release on bond. (*Id.* at 6).

4. The NTA is defective because it was not properly served and it fraudulently states that it was served in person and that he refused to sign. (*Id.* at 9).

As relief Petitioner requests immediate release from custody. (*Id.*)

Respondents argue that, because Petitioner is now subject to a final order of removal and is detained under 8 U.S.C. § 1231(a), any potential challenges to his detention fall under the *Zadvydas* framework. (Doc. 10, at 6). Respondents further argue that (1) any challenge to Petitioner's detention under 8 U.S.C. § 1231(a) is premature, (*id.*); (2) Petitioner has not shown that it is significantly unlikely he will be removed in the reasonably foreseeable future, (*id.* at 7); and (3) removal is in fact significantly likely in the reasonably foreseeable future because ICE has promptly requested travel documents from Zimbabwe, (*id.* at 8).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner Is Currently Detained Within the Removal Period and Subject to Mandatory Detention.

Prior to the entry of a removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond).").

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). Under 8 U.S.C. § 1231(a)(2)(A), a non-citizen is subject to a 90-day removal period, where detention is mandatory. *Id.* at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . .

During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order typically becomes administratively final "upon the earlier of": "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). However, "the decision of the Immigration Judge" may also "become[] final upon waiver of appeal." 8 C.F.R. § 1003.39; *see, e.g.*, *Muradyan v. Warden, Otay Mesa Det. Ctr.*, No. 3:26-cv-63-CAB-AHG, 2026 WL 184206, at *2 (S.D. Cal. Jan. 23, 2026) ("Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, his order of removal became administratively final the same day.") (citation omitted).

Thus, Petitioner's pre-removal-order period ended on September 25, 2026, when he failed to depart on time and his removal order became immediately effective; he waived his right to appeal his contingent removal order to the BIA. Petitioner is presently subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days, or until December 24, 2026. Accordingly, Petitioner's claims that his present immigration detention is

unlawful are without merit.[4] Any claims as they relate to his pre-removal-order detention are now moot. *See Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (collecting cases, and stating "[a]pplicant's claims challenging his mandatory detention without an individualized bond hearing during the pre-removal period now are moot because the Board of Immigration Appeals dismissed his administrative appeal on December 27, 2013, thereby affirming the order of removal"); *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004[,] when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. 1), be **DENIED**.

**The Court advises the parties of their right to object to this Report and Recommendation by October 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4] Furthermore, even if Petitioner were detained under § 1226(a), Petitioner's challenges to the service of the NTA would not merit relief when he has already received a bond hearing. *See Perdigon v. Gantt*, Case No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026) (denying relief despite a warrantless arrest when a warrant and NTA were issued and the petitioner had already received a bond hearing).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 16th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE